UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 04-21809-CIV-COOKE/MCALILEY

ALGODONERA DE LAS CABEZAS, S.A.
a Spanish corporation,

      Plaintiff,

vs.

AMERICAN SUISSE CAPITAL, LTD.,
a New York corporation; AMERICAN SUISSE
CAPITAL, INC., a New York corporation,

      Defendants.

_____/

**NIGHT BOX FILED**

MAR 14 2005

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## MOTION FOR RECONSIDERATION OF COURT'S ORDER DISMISSING CASE ON THE BASIS OF IMPROPER VENUE AND SUPPORTING MEMORANDUM OF LAW

Plaintiff Algodonera de las Cabezas, S.A., ("Algodonera"), through its undersigned counsel, hereby files its motion for reconsideration of the Court's Order Dismissing Case on the Basis of Improper Venue. In support thereof, Plaintiff states as follows:

### INTRODUCTION

The Defendants have an office and are engaged in business in this district. In fact, correspondence from Defendants to Algodonera lists "USA Corporate Offices" at "1414 N.W. 107th Avenue, Suite 406, Miami, Florida 33172." Moreover, the Defendants communicated with Algodonera regarding the performance of the contract for the purchase of the bonds from their offices in this district. Therefore, venue is proper in this district under 28 U.S.C. § 1391(a)(1) as all the Defendants "reside" in this district.

The availability of another forum is irrelevant when venue is based under § 1391(a)(1). Indeed under § 1391(a)'s framework, venue can be proper in more than one district, and a

{M2224036;1}

plaintiff is free to choose where – among the districts where venue is appropriate - to file its claim. § 1391(a)(3) provides that venue is proper in a district in which the defendants are subject to personal jurisdiction "if there is no district in which the action may otherwise be brought." However, § 1391(a)(3) "does not mean that venue is improper in one district merely because there is another equally appropriate district in which the defendants are subject to personal jurisdiction at the time the action is commenced." Doctor's Assoc. v. Stuart, 85 F.3d 975, 983 (2nd Cir. 1996). On the contrary, § 1391(a)(3) is a "fall back" provision that allows a defendant to file an action in a district where any defendant is subject to personal jurisdiction if venue cannot be otherwise established under § 1391(a)(1) - a district where all the defendants reside - or § 1391(a)(2) – a district where a substantial part of the events occurred. § 1391(a)(3) is not a restriction on § 1391(a)(1). Therefore, venue is proper in this district, irrespective of whether New York is another available forum.

Further, by their default, the Defendants have waived any objection to Algodenera's choice of venue. It is well established that "if a party is in default by failing to appear... defects in venue are waived, a default judgment may be validly entered, and the judgment cannot be collaterally attacked for improper venue." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1202 (10th Cir. 1986). The right to challenge venue is personal to each party and waivable at will. Therefore, the Court should not raise the venue objections that the Defendants have – by their intentional refusal to respond to a suit as to which they have actual notice - waived.

Finally, even if the Defendants had not waived their right to attack venue, the Eleventh Circuit has made clear that a court shall not dismiss an action sua sponte for improper venue "without first giving the parties an opportunity to present their views on the issue." Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1258 (11th Cir. 1988). This principle is

particularly applicable in this case where the plaintiff's choice of venue is in fact proper and allowing Algodonera to address this issue will establish as much. For these reasons and as more particularly set forth below, the Court should reconsider its order dismissing this action for defective venue.

## PROCEDURAL BACKGROUND

1. Algodonera filed its complaint against American Suisse on July 20, 2004. In its complaint, Algodonera explicitly alleged that the Court had personal jurisdiction over the Defendants on the grounds that the Defendants have an office in this district and are engaged in business directed to the State of Florida. Compl. ¶¶ 6-7. Algodonera further alleged that

> Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c), because defendants <u>are deemed to reside in this district as they are subject to personal jurisdiction in the Southern District of Florida</u>.

Compl. ¶ 8 (Emphasis added).

2. Defendants were served with the summons and the complaint in this action on October 5, 2004 in this district through their officer and agent Nelson Balbona. Mr. Balbona was served at his home at 5811 SW 92nd Court, Miami, Florida 33173.

3. Defendants failed to file or serve any responsive pleading or otherwise appear in this action. As such, Algodonera filed a motion for a clerk's default. A copy of Algodonera's motion was sent to the Defendants' main office in Miami at 1414 NW 107th Avenue, #406, Miami, Florida 33172. The defendants were engaged in continuous and systematic business and communicated with Algodonera from this location. A copy of a letter from Defendants to Algodonera with instructions for wire transfer sent from the Defendants' Miami Offices is attached hereto as Exhibit "A."

4. In addition, a copy of the motion was mailed to the Defendants' New York offices at 400 E. 90th Street, Suite 11 A, New York, NY 10128 and to the home address of the Defendants' officer and agent Nelson Balbona at 5811 SW 92nd Court, Miami, Florida 33173 – the same address where Mr. Balbona had been personally served with the summons and complaint. However, the Defendants failed to respond.

5. The Clerk of the Court entered defaults against the Defendants on November 2, 2004.

6. On November 26, 2004, Algodonera filed its motion for final default judgment. The motion was similarly sent to the Defendant's known business addresses and their agent's home address, and again the Defendants failed to respond.

7. On February 18, 2005, the Court held a hearing on Algodonera's motion for final default judgment. The notice of hearing was sent to the Defendants. However, the Defendants did not appear at the hearing. At the end of the hearing, counsel for Algodonera understood from the Court that the evidence submitted by Algodonera was sufficient to establish reliance (out of pocket) damages in the amount of $490,000.00. However, the Court requested Algodonera to submit a memorandum of law on the issue of whether Algodonera could recover its lost profits from a defaulting party and the proof from which lost profits have to be established for purposes of a final default judgment.

8. On February 18, 2005, the Court issued an order sua sponte dismissing case on the basis of improper venue.

## ARGUMENT

1.  **Venue is Proper in this District under 28 U.S.C. § 1391(a)(1)**

In cases where federal jurisdiction is based on diversity, the question of venue is governed by 28 U.S.C. § 1391(a). Under § 1391(a), venue is proper only in

> **(1) a judicial district where any defendant resides, if all defendants reside in the same State,** (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

(emphasis added); see also Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1370 (11th Cir. 2003).

For purposes of § 1391(a), a corporation resides "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c); see also Benedict v. Gen. Motors Corp., 142 F.Supp.2d 1330, 1338 n13 (N.D.Fla. 2001); Precision Software Serv., Inc. v. Fortune Fin. Sys., Inc. 1998 WL 1759759, *7 (M.D.Fla. 1998).

The phrase "if there is no district in which the action may otherwise be brought" in Section 1391(a)(3) means "that venue may be based on § 1391(a)(3) 'only if neither [§ 1391(a)(1) or (2)] can be satisfied.'" Doctor's Assoc. v. Stuart, 85 F.3d 975, 983 (2nd Cir. 1996) (Citing 1A Moore's Federal Practice ¶ 0.342[3], at 4083); see also McCaskey v. Cont'l Airlines, Inc., 133 F.Supp.2d 514, 525 (S.D. Tex. 2001) (noting that Section 1391(a)(3) is a fall back provision, which a plaintiff may apply when venue cannot be established under either (a)(1) or (a)(2)); Harrison Conference Serv., Inc. v. Dolce Conference Serv., Inc., 768 F.Supp. 405, 408 (E.D.N.Y. 1991) (Same). This phrase "does not mean that "venue is improper in one district merely because there is another equally appropriate district in which the defendants are subject to personal jurisdiction at the time the action is commenced." Stuart, 85 F.3d at 983. Indeed, the House of Representatives Report on the bill that became § 1391(a) makes clear that

{M2224036;1}

5

> Subsection 3 is meant to cover the cases in which no substantial part of the events happened in the United States and in which all the defendants do not reside in the same state. This provision would act as a safety net...

H.R.Rep. No. 734, 101st Cong., 2nd Sess. 23, reprinted in 1990 U.S.Code.Cong. & Admin. News, pp. 6860, 6869.

Stuart is particularly illustrative on this issue. In Stuart, the district court granted a franchisor's motion to compel arbitration and issued a preliminary injunction barring franchisees from prosecuting their suit against franchisor in Illinois state court. On appeal, franchisee's asserted (among other things) that venue was improper in the district court. The franchisees argued that, because the parties had agreed to arbitrate either in Bridgeport, Connecticut or Fort Lauderdale, Forida, the franchisor's invocation of § 1391(a) to lay venue in Connecticut was improper because there was another district in which the action may otherwise be brought, the Southern District of Florida. Stuart, 85 F.3d at 983. The Court began by observing that a party's agreement to arbitrate in a particular jurisdiction is a consent to both personal jurisdiction and venue. Id. The Court went on to hold:

> The phrase 'if there is no district in which the action may otherwise be brought" indicates that venue may be based on § 1391(a)(3) "only if neither [§ 1391(a)(1) or (2) ] can be satisfied." 1A *Moore's Federal Practice* ¶ 0.342[3], at 4083. It does *not* mean that venue is improper in one district merely because there is another equally appropriate district in which the defendants are subject to personal jurisdiction at the time the action is commenced. ... Pursuant to the arbitration agreement, both Florida and Connecticut are proper venues, and thus Defendants "consented to the jurisdiction of the district court in [Connecticut], where the petition [to compel arbitration] was filed.'

Id.

The defendants in this action, as corporations, took actions subjecting them to personal jurisdiction in this district, making this a district in which they are deemed to "reside" pursuant to § 1391(c). Therefore, like the defendants in Stuart, defendants in this action consented to venue

{M2224036;1}                                6

in the district in which they have been sued. And, as in Stuart, the availability of another venue does not render venue in the chosen district improper.

In sum, venue in this action is based on § 1391(a)(1). In the complaint, Algodonera explicitly alleged that venue was proper in this district because the Defendants were deemed to reside in this district. Compl. ¶ 8. More specifically, the complaint stated that the defendants have an office in this district, are engaged in business directed to or within the State of Florida, communicated with Algodonera from their Miami offices, and are subject to personal jurisdiction here. Compl. ¶¶ 6-8.[1] All of these facts alleged in the complaint are conclusively established as true for purposes of these proceedings. See, e.g., Miller v. Paradise of Port Richey, Inc., 75 F. Supp. 2d 1342 (M.D. Fla. 1999).

In concluding that venue was improper in this district, the Court reasoned that New York was a more appropriate district for this action and that the availability of a more appropriate forum rendered venue improper in the Southern District of Florida under § 1391(a)(3). See Order at 2. However, under the reasoning of the above authorities, the availability of another forum is irrelevant when venue is based on § 1391(a)(1). Venue is proper in the district where all the defendants reside, irrespective of whether another forum is available. § 1391(a)(3) is not a restriction on § 1391(a)(1). Rather, § 1391(a)(3) is a fall back provision. Therefore, venue is proper in the Southern District of Florida – the district where all the defendants reside - irrespective of whether New York is an available forum.

---

[1] A corporation doing business in Florida is subject to personal jurisdiction in Florida. Woods v. Nova Co. Belize Ltd. 739 So. 2d 617, 620 (Fla. 4th DCA 1999); Fla. Stat. § 48.193(2). As such, the Defendants are deemed to reside in Florida and venue is proper in this district under § 1391(a)(1).

2.   **Even if Venue was not proper in this District, Defendants Waived their Right to Challenge Algodonera's Choice of Venue**

It is well established that the venue statutes do not impair the jurisdiction of a district court over any matter involving a party who does not interpose a timely objection to the plaintiff's choice of venue. See Harris Corp. v. Nat'l Iranian Radio and Television, 691 F.2d 1344, 1349 (11th Cir. 1982) (noting that venue is not a jurisdictional prerequisite and its presence or absence does not affect a court's authority to adjudicate.) The right to challenge venue is a privilege and "the privilege is of such nature that it must be asserted at the latest before the expiration of the period allotted for entering a general appearance or challenging the merits." Commercial Cas. Ins. Co. v. Consol. Stone Co., 278 U.S. 177, 179-180 (1929); see also Harris, 691 F.2d at 1349. As such, a defendant in default waives any objection to venue. See Rogers v. Hartford Life and Accident Ins. Co., 167 F.3d 933 (5th Cir. 1999) (holding that defendant waived any objections to venue by failing to respond timely to the complaint); Williams v. Life Sav. & Loan, 802 F.2d 1200, 1202 (10th Cir. 1986) ("If a party is in default by failing to appear... defects in venue are waived, a default judgment may be validly entered and the judgment cannot be collaterally attacked for improper venue.); King Vision Pay-Per-View Corp., LTD. v. Tardes Calenas Moscoro, Inc., 2004 WL 473306, *2 (S.D.N.Y. March 12, 2004) (reasoning that although plaintiff's counsel admitted that venue was improper, default judgment was proper because defaulting party had waived any venue objections); 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3829 (2d ed. 1986) ("Venue is waived by a defendant who defaults."); see also Hoffman v. Blaski, 363 U.S. 335, 343 (1960) (" A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it, or even simply by making default."); H & Barge Co., Inc. v.

Garber Brothers, Inc., 65 F.R.D. 399, 405 (E.D. La. 1974) (holding that "the defendant waived its right to object to venue by permitting entry of a judgment by default.").

In this case, Defendants were served with process on October 5, 2004, and have since been sent copies of all the filings and notices in this action, which have been duly directed to the Defendants' three known addresses, including the address where the Defendants were served. Defendants have blatantly ignored the proceedings in this action and have not filed any responsive pleading to Algodonera's complaint. As such, the Clerk of the Court entered a default on November 2, 2004. Under these circumstances and the reasoning of the above authorities, Defendants' failure to respond to the complaint waived any rights that they may have had to challenge Algodonera's choice of venue. Indeed, it would be unfair and extremely prejudicial to force a change in venue at this late stage of the proceedings after Algodonera has been pursuing its claims in this district for over seven months, and only an uncontested submission on damages remains to be considered.

### 3. The Court should not Raise the Venue Objections that Defendants have Waived

The right to have an action brought in the proper venue does not affect the ability of a court to adjudicate a matter. Rather, the right to challenge venue is a privilege personal to the defendant waivable at will. As the Eleventh Circuit has recognized "the defendants in some cases may wish to waive" their venue objections. Lipofsky v. New York State Workers Comp. Bd. 861 F.2d 1257, 1258 (11th Cir. 1988). For this reason, "a district judge should not, in the absence of extraordinary circumstances, impose his choice of forum upon the parties by deciding on his own motion that there was a lack of proper venue." Concession Consultants, Inc. v. Mirisch, 355 F.2d 369 (2d Cir. 1966); see also Lipofsky, 861 F.2d at 1258.

Lipofsky is particularly illustrative on this issue. In Lipofsky, the defendants filed a motion for extension of time to answer the complaint. The district court never acted on the extension request. Instead, the court sua sponte dismissed the action for improper venue and lack of personal jurisdiction. The Eleventh Circuit reversed the dismissal and indicated that venue and lack of personal jurisdiction were waivable defects, and that these defenses can only be raised by a district court in the "absence of a waiver." 861 F.2d at 128.

Under the reasoning of Lipofsky, the Court cannot ignore the Defendants' waiver and raise objections that the Defendants have waived. Otherwise, the Defendants would be rewarded for ignoring these proceedings as they would not be able to raise any venue objections at this late stage.

4.  **Court Must Give Algodonera an Opportunity to be Heard before Dismissing this Action for Improper Venue**

In Lipofsky, the Eleventh Circuit suggested that, at least in the absence of a waiver, a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction. However "the court may not dismiss without first giving the parties an opportunity to present their views on the issue." 861 F.2d at 1258 (Emphasis added).

Therefore, the Court must give Algodonera an opportunity to be heard on the issue of venue before sua sponte dismissing this action. An opportunity to be heard before sua sponte dismissal is particularly appropriate in this case where the facts and the applicable law establish that venue is in fact proper in this district.

**WHEREFORE**, Plaintiff Algodonera de las Cabezas, S.A. respectfully requests that the Court reconsider its Order Dismissing Case on the Basis of Improper Venue and that the Court grant such further relief as it deems just and proper.

Respectfully submitted,

**AKERMAN SENTERFITT**
Attorneys for Plaintiff
SunTrust International Center
One Southeast Third Avenue, 28th Floor
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax No.: (305) 374-5095

By: _____
John F. O'Sullivan, Esq.
Florida Bar No.: 143154
Francisco A. Rodriguez, Esq.
Florida Bar No.: 0653446

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by certified mail to: American Suisse Capital, Ltd. and American Suisse Capital, Inc. at 1414 N.W. 107th Avenue, #406, Miami, Florida 33172; 400 E. 90th Street, Suite 11 A, New York, New York 10128; and 5811 S.W. 92nd Court, Miami, Florida 33173 on March 14th, 2005.

_____
Attorney

**EXHIBIT "A"**

09/02/2004 19:23  356847598                ALBESA                                    PAG. 03



# American Suisse Capital Ltd.

Registered Office: 3511 Silverside Road, Suite 105 Wilmington DE 19810 (USA)

USA Corporate Offices:
1414 N.W. 107th Avenue, Suite 406
Miami, Florida 33172
Tel: +785.437.1341  Fax: +785.437.55
E-mail: americansuisse@bellsouth.net


(1°)

August 13, 2003

Algodonera De Las Cabezas S.A.
ALDESA
ATTN: Sr. Nicolas Romero
Las Cabezas De San Juan,
Sevilla, España.

## PROFORMA INVOICE

| | |
|---|---|
| INSTRUMENT: | Venezuelan Sovereign Promissory Note |
| CURRENCY: | United States Dollars |
| FACE AMOUNT: | U.S.$ 4,676,309.00 (USD Four Million six hundred thousand seventy six three hundred nine) |
| MATURITY: | June 30th 2004 |
| INTEREST: | 14.5% (fourteen and one half percent) per annum, payable every six month. |
| SELLING PRICE: | U.S.$ 4,115,151.00 (Four Million one hundred fifteen thousand one hundred fifty one USD) |

Please make transfer to the following coordinates:

## WIRE TRANSFER INSTRUCTIONS

BANK:        UBS AG New York, New York
ABA:         026-007-993
FOR CORRESPONDENT SERVICES CORPORATION
ACCOUNT:     101-WA-2586648-00
BENEFICIARY: AMERICAN SUISSE CAPITAL LTD. TRUST ACCOUNT
ACCOUNT:     GY43472
AMOUNT:      U.S.$ 4,115,151.00
Attn: Estefano Ferrari

Acepto.-
ALGODONERA DE LAS CABEZAS S.A.
(ALBESA)

Corporate Headquarters, Venezuela:
C.C.C. Torre B, Piso 12 Oficina 1208
Avenida La Estancia, Chuao
Caracas, Venezuela
Tel: +58.212.9890090  Fax: +58.212.9890908
+34.985.209180
Correo: 

Corporate Headquarters, Spain:
Posada Herrera 4-2
33002-Oviedo
Principado de Asturias, España
Tel: +34 985.209181  Fax:

09/02 '04 18:30     N° TX/RX  4744         P03