# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

FILED by _____ D.C.
RECORDS
APR 2 6 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

February 07, 2006

Clarence Maddox
Clerk, U.S. District Court
301 N MIAMI AVE STE 150
MIAMI FL 33128-7788

**Appeal Number: 05-14046-BB**
Case Style: Algodonera De Las Cabezas v. American Suisse
District Court Number: 04-21809 CV-MGC

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following: *No Copy/Ids*

Bill of Costs
    Original record on appeal or review, consisting of: one volume

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

REC'D by _____ D.C.
APPEAL
APR 2 7 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT
S.D. OF FLA. - MIAMI

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (11-2005)

# United States Court of Appeals
For the Eleventh Circuit

No. 05-14046

District Court Docket No.
04-21809-CV-MGC

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec 19, 2005
THOMAS K. KAHN
CLERK

ALGODONERA DE LAS CABEZAS, S.A.,
a Spanish corporation,

Plaintiff-Appellant,

versus

AMERICAN SUISSE CAPITAL, INC.,
a New York corporation,
AMERICAN SUISSE,
AMERICAN SUISSE, INC.,

Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court
for the Southern District of Florida

J U D G M E N T

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
FEB 0 7 2006
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:     December 19, 2005
For the Court:  Thomas K. Kahn, Clerk
         By:  Jackson, Jarvis

ALGODONERA DE LAS CABEZAS,
S.A., a Spanish corporation,
Plaintiff–Appellant,

v.

AMERICAN SUISSE CAPITAL, INC., a New York corporation, American Suisse, American Suisse, Inc., Defendants–Appellees.

No. 05–14046
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 19, 2005.

**Background:** Prospective bond purchaser sued two sellers, alleging that sellers failed to perform agreement to sell purchaser certain Venezuelan sovereign bonds. Following entry of default judgment and hearing to determine damages, the United States District Court for the Southern District of Florida, No. 04-21809-CV-MGC, Marcia G. Cooke, J., dismissed suit *sua sponte* for improper venue. Following denial of its motion for reconsideration, purchaser appealed

**Holdings:** The Court of Appeals held that:

(1) both sellers were residents of the Southern District of Florida, and therefore, venue was proper in such district;

(2) venue may be predicated on fallback subsection of venue statute only when no other subsection is satisfied; and

(3) motion for reconsideration did not afford sellers with an opportunity to present their views before the dismissal.

Reversed and remanded.

**1. Federal Courts** ⇔818

Court of Appeals reviews the district court's dismissal of a lawsuit for a lack of venue for an abuse of discretion. 28 U.S.C.A. § 1391.

**2. Federal Courts** ⇔74

Both sellers who were named as defendants in prospective bond purchaser's breach of contract action were "residents" of the Southern District of Florida, and therefore, venue was proper in such district; both of the sellers conducted business through their offices in the Southern District of Florida, received correspondence there, and were subject to service of process there. 28 U.S.C.A. § 1391(a)(1).

See publication Words and Phrases for other judicial constructions and definitions.

**3. Federal Courts** ⇔73

Venue in a civil action based on diversity jurisdiction may be predicated on fallback subsection of venue statute, which establishes venue in any judicial district in which any defendant is subject to personal jurisdiction at time action is commenced if there is no district in which the action may otherwise be brought, only when no other subsection is satisfied; fallback subsection does not dictate that venue is improper in diversity cases any time the case could be brought in another district. 28 U.S.C.A. § 1391(a)(1, 2, 3).

**4. Federal Courts** ⇔97

Motion for reconsideration filed by bond sellers defending prospective purchaser's breach of contract action, in response to district court's *sua sponte* dismissal of action on venue grounds, did not afford sellers with an

Synopsis, Headnotes and Key Number Classification
COPYRIGHT © 2005 Thomson/West

The Synopsis, Headnotes and Key Number Classification constitute no part of the opinion of the court.

opportunity to present their views before the dismissal, as the motion was filed only after the case was dismissed and ordered closed. 28 U.S.C.A. § 1391(a)(1, 3).

---

Appeal from the United States District Court for the Southern District of Florida.

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Algodonera de las Cabezas, S.A. ("Algodonera") appeals the district court's *sua sponte* dismissal of its diversity suit for improper venue. The district court based its dismissal on 28 U.S.C. § 1391(a)(3), which provides that diversity suits may be brought in a "judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." The district court concluded that because the suit could have been brought in New York, Algodonera could not rely on § 1391(a)(3), and the suit was due to be dismissed. However, as Algodonera explained in both its motion for reconsideration and on appeal, it did not rely on § 1391(a)(3). Rather, venue was proper under § 1391(a)(1), which provides that in diversity cases, venue lies "in a judicial district where any defendant resides, if all defendants reside in the same State." As both the defendants here were "residents" of the Southern District of Florida within the meaning of § 1391(c), venue was conferred by § 1391(a)(1). Accordingly, we reverse.

## BACKGROUND

Algodonera filed this diversity suit in the Southern District of Florida, alleging that the defendants failed to perform an agreement to sell it certain Venezuelan sovereign bonds. The complaint alleged that venue was proper under the terms of 28 U.S.C. § 1391(a). The complaint did not specify which subsection of § 1391(a) conferred venue.

The defendants were served with process in the Southern District of Florida but failed to respond or otherwise appear. Upon Algodonera's motion, the clerk of court entered default judgment against the defendants. The district court then held a hearing to determine damages. At the close of the hearing, the district court requested a memorandum of law concerning the recovery of lost profits.

However, before Algodonera filed such a memo, the district court entered a *sua sponte* order dismissing the case based on improper venue. The district court's order proceeded on the assumption that Algodonera relied on § 1391(a)(3), under which venue was not proper because the case could have been filed in New York. Algodonera timely filed a motion for reconsideration, explaining that venue was proper under § 1391(a)(1), given that both defendants were residents of Florida and the Southern District within the meaning of § 1391(c). The district court denied the motion for reconsideration, explaining only that it remained "unconvinced."

## STANDARD OF REVIEW

[1] We review the district court's dismissal of a lawsuit for a lack of venue for an abuse of discretion. *Home Ins. Co. v. Thomas Industries, Inc.*, 896 F.2d 1352, 1355 (11th Cir.1990).

## DISCUSSION

Section 1391(a)(1) provides that in diversity suits, venue is proper "in a judicial district where any defendant resides, if all defen-

dants reside in the same State." A defendant is a resident of a judicial district if it is subject to personal jurisdiction there at the time the case is initiated. 28 U.S.C. § 1391(c).

[2] In this case, both of the defendants conducted business through their offices in the Southern District of Florida, received correspondence there, and were subject to service of process there. Accordingly, both defendants were "residents" of the Southern District of Florida, within the meaning of 28 U.S.C. § 1391(c). Venue was thus proper in the Southern District within the meaning of § 1391(a)(1).

[3] While the district court relied on § 1391(a)(3) to hold that venue was improper because the action could be brought in New York[1], venue may be predicated on § 1391(a)(3) only when neither § 1391(a)(1) or (2) are satisfied. *Doctor's Assocs. v. Stuart*, 85 F.3d 975, 983 (2d Cir.1996); *see also*, 17 Moore's Federal Practice, § 110.02 (describing § 1391(a)(3) as a "fall-back provision" used where "venue will be unavailable under § 1391(a)(1)"). Section 1391(a)(3) does *not* dictate that venue is improper in diversity cases any time the case could be brought in another district. *Stuart*, 85 F.3d at 983.

[4] Moreover, we have previously made clear that while a district court may dismiss a suit *sua sponte* for lack of venue, it may not do so "without first giving the parties an opportunity to present their views on the issue." *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1259 (11th Cir. 1988). This rule gives defendants an opportunity to waive the venue defense and plaintiffs an opportunity to present arguments as to why venue is proper *before* the case is dismissed. *Id.* In this case, the district court dismissed the case *sua sponte* before receiving any submissions or arguments from the parties on the propriety of venue in the Southern District. While the district court opined that Algodonera's motion for reconsideration gave it the opportunity to present its position on venue, that opportunity came only after the district court had dismissed the case and ordered the clerk of court to close it. This does not satisfy *Lipofsky*'s command that the parties be given an opportunity to present their views, and bolsters our conclusion that the district court abused its discretion.

In short, because § 1391(a)(1) indisputably provided venue, and as the parties were not given an opportunity to present their views prior to dismissal, the district court abused its discretion.

REVERSED and REMANDED for further proceedings.

---

1. We note Algodonera's argument that venue is not even proper in New York, given newly-discovered information suggesting that the defendants never actually conducted business there. We need not reach these contentions, however, as we find § 1391(a)(1) to be dispositive.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## BILL OF COSTS

JAN 0 6 2006

ATLANTA, GA

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JAN 3 1 2006

Algodonera De Las Cabezas
_____
Appellant

vs.

American Suisse
_____
Appellee

Case No. 05-14046-BB

Fed.R.App.P. 39 and 11th Cir. R. 39-1 (see reverse) govern costs which are taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

### INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ($.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) In-House | Repro. Method (Mark One) Comm* | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| Appellant's Brief | | | 18 21 | 8 7 | 147 147 | $26.22 | 26.22 |
| Record Excerpts | | | | | | | |
| Appellee's Brief | | | | | | | |
| Reply Brief | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | | TOTAL | $ 26.22 REQUESTED | $ 26.22 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date Signed: January 4, 2006           Signature: _____

Attorney for: Algodonera De Las Cabezas
              (Type or print name of client)

A True Copy Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

**FOR COURT USE ONLY**

Costs are hereby taxed in the amount of $ 26.22 against appellee

and are payable directly to appellant

Thomas K. Kahn, Clerk

Issued on: FEB 0  2006         By: _____
                                    Deputy Clerk